1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

JESUS ALBERTO TABARES,

Case No. 8:21-cv-01498-JWH (GJS)

11

Petitioner

12

v.

**ORDER: DISMISSING DUPLICATIVE ACTION; AND DENYING A CERTIFICATE OF APPEALABILITY**

13

RAYMOND MADDEN,

14

Respondent.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 19, 2021, Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Southern District of California, which was assigned Case No. 2:21-cv-1492-JLS-KSC.  The petition challenged Petitioner's conviction in Orange County Superior Court Case No. 17NF3549 and raised two habeas grounds.  On August 23, 2021, the Southern District transferred the petition to this District, where it was assigned Case No. 8:21-cv-01393-JWH (GJS) (the "Pending 1393 Action").  On August 26, 2021, the Court ordered that the petition in the Pending 1393 Action be served upon Respondent and directed a response.

On September 1, 2021, after his prior habeas petition was transferred, Petitioner filed another Section 2254 habeas petition in the Southern District, which was assigned Case No. 3:21-cv-1555-BAS-RBM.  Like the Pending 1393 Action petition, the petition in this second action challenged Petitioner's conviction in Orange County Superior Court Case No. 17NF3549 and raised the exact same two habeas grounds; in fact, the two petitions are identical except for their signature dates.  On September 8, 2021, the Southern District transferred the petition in the second action to this District, and it initiated this action, *i.e.,* Case No. 8:21-cv-01498-JWH (GJS) (the "Second-Filed Action").

Thus, as of the present date, Petitioner has two identical Section 2254 habeas actions pending in this District—the Pending 1393 Petition Action and this Second-Filed Action.  The Pending 1393 Petition Action is proceeding, and Respondent has been served with process in that case and will be responding.

The resources of the Court and the litigants before it are not endless and should not be expended in a duplicative manner for no good reason.  There is no tenable reason for the Court to consider and rule on the same claims through two separate actions.  There also is no tenable reason for Respondent to be forced to submit filings in two separate, but duplicative, cases (with an attendant cost and duplication of effort).  There simply is no legitimate reason for parallel, identical cases to proceed based on what is a single two-pronged Section 2254 habeas attack

on a state court conviction, when proceeding with the first-filed case—the Pending 1393 Petition Action—will afford Petitioner a full and fair opportunity for the consideration of his habeas claims.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). A plaintiff must bring one action against a party or privies relating to the same transaction or event. *Id.* at 693. "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal.'" *Id.* at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"); *Shappell v. Sun Life Assur. Co.*, No. 10-cv-03020-MCE-EFB, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011) (dismissing second of two separate, but identical, actions, observing that "[t]he inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the 'comprehensive disposal of litigation'") (citation omitted).

There is no justification for allowing two separate cases to proceed based on what plainly is a single Section 2254 attack on Petitioner's state court conviction. In the interests of judicial economy, this action will be dismissed on the ground that it

3

1   is duplicative of the parties and claims and matters at issue in the Pending 1393

2   Petition Action.[1]

3        Accordingly, it is **ORDERED** that:  this action is dismissed, without

4   prejudice, on the ground that it is duplicative of a pending action; and Judgment

5   shall be entered dismissing this action without prejudice.

6        In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254

7   Cases in the United States District Courts, the Court has considered whether a

8   certificate of appealability is warranted.  *See* 28 U.S.C. § 2253(c)(2); *Slack v.*

9   *McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of

10  appealability is unwarranted, and thus, a certificate of appealability is **DENIED**.

11       **IT IS SO ORDERED.**

12

13  DATED: September 23, 2021

14                                                                                  JOHN W. HOLCOMB

15                                                                                UNITED STATES DISTRICT JUDGE

16  Presented by:

17

18  _____

19  GAIL J. STANDISH
    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26     [1]     The Court concludes that dismissal of this duplicative case is more appropriate than joinder

27  or consolidation of the two actions.  This duplicative second action should never have been
    instituted by Petitioner in the first instance.  By doing so, he has created unnecessary work for two

28  separate federal courts, and dismissing this action is the most efficient way in which to resolve this
    unwarranted situation.